**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOHN W. TATE, | : | Civil No. 06-5024 (SDW) |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| MORRIS COUNTY PROSECUTORS | : | |
| OFFICE, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

**APPEARANCES**:

> JOHN W. TATE, #1098/3B, <u>Pro Se</u>
> Morris County Correctional Facility
> 43 John Street
> Morris Township, New Jersey  07960

**WIGENTON**, District Judge

Plaintiff John W. Tate, a prisoner incarcerated at Morris County Correctional Facility, seeks to file a Complaint <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.  Based on his affidavit of poverty, prison account statement, and the apparent absence of three dismissals within 28 U.S.C. § 1915(g), this Court (1) grants Plaintiff's application to proceed <u>in forma pauperis</u>; (2) directs the Clerk to file the Complaint without pre-payment of the filing fee; (3) assesses a $350.00 filing fee against Plaintiff; (4) directs the agency having custody of Plaintiff to deduct an initial partial filing fee from Plaintiff's prison account, when funds exist, and forward it to the Clerk of the Court; and (5) directs the agency having custody of Plaintiff  to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account

exceeds $10.00, until the total of $350.00 is paid in full.  See 28 U.S.C. § 1915(a), (b).  The Court has reviewed the Complaint for dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and will dismiss the federal claims for failure to state a claim upon which relief may be granted and decline to exercise supplemental jurisdiction over claims arising under state law.

## I.  BACKGROUND

Plaintiff seeks damages for the alleged violation of his constitutional rights, arising from his pending state criminal prosecution.  Plaintiff names 28 defendants, including several prosecutors,  police officers, therapists, and employees of the New Jersey Division of Youth and Family Services ("DYFS").  Contrary to the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, the Complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief, and [ ] a demand for judgment for the relief the pleader seeks."  See Fed. R. Civ. P. 8(a)(2) and (3).  However, the Court gleans the following facts from the body of the Complaint and various documents submitted by Plaintiff.  Plaintiff asserts that on May 20, 2003, Defendant Police Officer Wilson interrogated him before reading Plaintiff his Miranda rights and that, after Plaintiff signed the Miranda form, Wilson denied his request for an attorney.  Plaintiff states that he was eventually indicted for unspecified crimes as a result of the presentation of false evidence to a grand jury.  He asserts that a state court dismissed the first indictment on October 22, 2004, based on prosecutorial misconduct, but he was not released because the prosecutor filed a superceding indictment, which has not been tried to date. Plaintiff asserts that the trial has been unduly delayed as a result of the prosecution's deliberate delay tactics, as well as the fact that three different assigned attorneys were replaced by the public defender's office.  Plaintiff complains that the prosecutor is maliciously prosecuting him and has

2

deliberately delayed trial, presented perjured testimony, thwarted discovery, and misled the trial

judge.  Although the Complaint does not specifically set forth relief sought, at some point

Plaintiff indicates his desire to have the criminal case dismissed.

## II.  LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat.

1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as

practicable after docketing, to review a complaint in a civil action in which a plaintiff is

proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or

entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte

dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on

which relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief.  Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by

lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  A claim is frivolous if it "lacks even

an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."

Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d

Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a

complaint only if it is clear that no relief could be granted under any set of facts that could be

proved consistent with the allegations."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)

(quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Thomas v. Independence

Tp., 463 F.3d 285, 296-97 (3d Cir. 2006); Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

Under the notice pleading standard, a plaintiff need not set out in detail the facts upon which his

claim for relief is based, but need only provide a statement sufficient to put the opposing party on notice of his claim.  See, e.g., Foulk v. Donjon Marine Co., 144 F.3d 252, 256 (3d Cir. 1998).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v.

4

Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).  "When evaluating a claim brought under § 1983, we must first 'identify the exact contours of the underlying right said to have been violated' in order to determine 'whether [plaintiff] has alleged a deprivation of a constitutional right at all." Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)).  If so, the Court determines whether the defendant can be held liable for that violation.  See Natale, 318 F.3d at 581; Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000).

Liberally construing Plaintiff's Complaint, the Court reads the Complaint as potentially asserting the following claims under § 1983:  (A) violation of Miranda rights; (B) malicious prosecution; and (C) denial of speedy trial.

A.  Violation of Miranda Rights

The Court construes Plaintiff's allegations regarding the custodial interrogation by Officer Wilson on May 20, 2003, as implicating his rights under Miranda v. Arizona, 384 U.S. 436 (1966).  Miranda prohibits the government from using "statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination."  Id. at 444.  To be sure, Miranda requires that, prior to a custodial interrogation, police must warn a person that he has a right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney, one will be provided.  Id. at 479.

The problem with Plaintiff's § 1983 Miranda claim is that "questioning a plaintiff in custody without providing Miranda warnings is not a basis for a § 1983 claim as long as the

5

plaintiff's statements are not used against [him] at trial." Renda v. King, 347 F.3d 550, 557-58

(3d Cir. 2003); see also Chavez v. Martinez, 538 U.S. 760 (2003).  Likewise, Plaintiff has no

free-standing Fifth Amendment claim for denial of counsel during his interrogation.  See James

v. York County Police Dep't, 160 Fed. Appx. 126, 133 (3d Cir. 2005); Guiffre v. Bissell, 31 F.

3d 1241, 1256 (3d Cir. 1994).  Accordingly, Plaintiff's claims arising from the custodial

interrogation will be dismissed because nothing alleged in the Complaint supports an inference

that Plaintiff made a statement which was used against him to obtain a criminal conviction.

Renda, 347 F.3d at 559 (right against self-incrimination not violated where police used

statements obtained from a custodial interrogation where the plaintiff was not warned of his

Miranda rights as a basis for filing criminal charges, but charges were later dismissed).

B.  Unconstitutional Malicious Prosecution

        The Court also construes Plaintiff's Complaint as attempting to assert constitutional

malicious prosecution claims against prosecutors and other defendants.  "To prove malicious

prosecution under section 1983 when the claim is under the Fourth Amendment, a plaintiff must

show that:  (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in

his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant

acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff

suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal

proceeding."  Johnson v. Knorr, 477 F. 3d 75, 81-82 (3d Cir. Feb. 14, 2007) (footnote omitted);

see also Merkle v. Upper Dublin School Dist., 211 F.3d 782, 791-5 (3d Cir. 2000); Torres v.

McLaughlin, 163 F.3d 169, 172-74 (3d Cir. 1998); Lind v. Schmid, 67 N.J. 255, 262 (1975).

Plaintiff's malicious prosecution claims fail because the criminal case has not terminated in

Plaintiff's favor.  Under these circumstances, Plaintiff's malicious prosecution claims will be dismissed for failure to state a claim upon which relief may be granted.

C.  Speedy Trial

Plaintiff complains that his criminal case has been pending for over three years.  In his affidavit in support of civil claim, Plaintiff states that "[i]t is also requested that leave be granted dismissing the criminal action, should the facts developed at such a hearing appear to merit such relief."  (Plaintiff's Affidavit dated March 22, 2007, ¶ 20.)  However, Plaintiff's speedy trial claims are not cognizable under § 1983 at this time.  A request to dismiss  criminal charges is barred by the doctrine of Younger v. Harris, 401 U.S. 37 (1971), which forbids federal court interference in pending state court proceedings.[1]  To the extent that Plaintiff seeks release, such a claim is not cognizable under § 1983 because the exclusive federal remedy for an inmate challenging his confinement is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475 (1973); see also Wolff v. McDonnell, 418 U.S. 539, 554 (1974).[2]  The speedy trial claim is not cognizable under § 1983 and must be brought in a petition for writ of habeas corpus. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Moore v. DeYoung, 515 F.2d 437, 442, 443 (3d Cir. 1975).

---

[1] In Younger, the Supreme Court held that principles of equity and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances.  See also Samuels v. Mackell, 401 U.S. 66, 69-73 (1971) (Younger abstention doctrine applies to declaratory judgment actions).

[2] The Supreme Court held in Preiser that a person may not obtain equitable relief under 42 U.S.C. § 1983 releasing him from confinement.   When person in custody is "challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Preiser, 411 U.S. at 500.

Even if this Court were to construe the matter as a petition for writ of habeas corpus, the claim would fail.  This is because "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."   Braden, 410 U.S. at 489 (quoting Ex parte Royall, 117 U.S. 241, 253 (1886)).  Federal courts should not permit the claimed denial of a speedy trial to result in the "'derailment of a pending state proceeding.'"  Moore v. DeYoung, 515 F.2d at 446 (quoting Braden, 4190 U.S. at 491).  Indeed, "for purposes of pre-trial habeas relief . . . a denial of speedy trial alone, and without more, does not constitute an 'extraordinary circumstance'" warranting habeas relief.  Moore, 515 F.2d at 448.

The proper procedure is to exhaust the speedy trial claim by presenting it to all three levels of the New Jersey courts and to bring it before this Court in a petition under 28 U.S.C. § 2254 after the claim has been exhausted.  Moore, 515 F.2d at 449.  As the United States Court of Appeals for the Third Circuit explained,

> Petitioner . . . will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts.   Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented.  These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes.

Id.; see also United States v. Castor, 937 F.2d 293, 296-297 (7th Cir. 1991); Dickerson v. State of Louisiana, 816 F.2d 220, 225-227 (5th Cir. 1987); Atkins v. State of Michigan, 644 F.2d 543, 545-547 (6th Cir. 1981); Carden v. State of Montana, 626 F.2d 82 (9th Cir. 1980).[3]

Because the Complaint does not present a cognizable federal claim, this Court will dismiss the federal claims for failure to state a claim upon which relief may be granted.  To the extent that Plaintiff asserts claims arising under state law, this Court declines to exercise supplemental jurisdiction over these claims because all federal claims over which the Court has original jurisdiction are being dismissed.  28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 383 F.2d 1277, 1284-5 (3d Cir. 1993).

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis, dismisses the federal claims, and declines to exercise supplemental jurisdiction over claims arising under state law.


/s/  **SUSAN D. WIGENTON, U.S.D.J.**

Dated:   APRIL 16, 2007

---

[3] In United States v. MacDonald, 435 U.S. 850, 858 (1978), the Supreme Court clarified that speedy trial claims are to be considered after the facts have developed at trial.  The Court observed that the Speedy Trial Clause "does not, either on its face or according to the decisions of this Court, encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all."  Id. at 861.